**OGLESBY & SIMPSON SUPPLY CO. et al.**
**v. DUGGAN et al.**
No. 13897.

United States Court of Appeals
Eighth Circuit.
June 6, 1949.

Harry S. Gleick, St. Louis, Mo. (Gleick & Strauss, St. Louis, Mo., were with him on the brief), for appellants.

George O. Durham, St. Louis, Mo. (Noah Weinstein and B. Sherman Landau, St. Louis, Mo., were with him on the brief), for appellees.

Before GARDNER, Chief Judge, and THOMAS and RIDDICK, Circuit Judges.

GARDNER, Chief Judge.

This appeal is from an order overruling a motion interposed by appellants for dismissal of the reorganization proceedings of appellee National Aircraft Corporation as a subsidiary of the appellee Christopher Engineering Company. Appellants are general creditors holding claims aggregating $9,722.75. In their motion, in addition to a dismissal of the reorganization proceedings, they prayed that the court direct that the interrupted bankruptcy of the National Aircraft Corporation previously instituted in the United States District Court for the Southern District of Indiana be proceeded with under the general provisions of the Bankruptcy Act, 11 U.S.C.A. § 1 et seq. In denying the motion the court made no findings of fact and conclusions of law and filed no opinion, and neither party requested the making of findings of fact and conclusions of law.

Christopher Engineering Company was incorporated June 11, 1942 and its business was that of tool designing. National Aircraft Corporation was thereafter incorporated under the laws of Indiana as a subsidiary to Christopher Engineering Company. Its business was the manufacture of aircraft and aircraft parts. On December 27, 1943, Christopher Engineering Company filed a petition for reorganization under Chapter 10 of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., in the District Court for the Eastern District of Missouri, and on the same date the petition was approved and Jerome F. Duggan was appointed temporary trustee. On January 21, 1944, an involuntary petition in bankruptcy was filed by creditors of the National Aircraft Corporation in the District Court for the Southern District of Indiana. On April 19, 1944, a petition was filed by National Aircraft Corporation in the reorganization proceedings of Christopher Engineering Company, and on the same date that petition was approved as properly filed and Jerome F. Duggan was appointed trustee, he having theretofore been appointed trustee in the reorganization proceedings of Christopher Engineering Company. In an injunctional decree entered on the same date the court found that National Aircraft Corporation was a wholly owned subsidiary of the Christopher Engineering Company. The order approving the petition for reorganization filed by National Aircraft Corporation and the injunction and stay order entered thereon were served on the Indiana officers and the trustee in bankruptcy. The Indiana officers, however, challenged the jurisdiction of the Missouri bankruptcy court to issue the injunction and proceeded with the bankruptcy proceedings in disregard of that injunction. The conflict of jurisdictions was finally resolved by the Supreme Court in favor of the Missouri court. Duggan v. Sansberry, 327 U.S. 499, 66 S.Ct. 657, 90 L.Ed. 809. The appellants, after the decision of the Supreme Court in Duggan v. Sansberry, supra, and on December 23, 1946, filed proofs of claim in the Missouri bankruptcy court. On April 19, 1947, they filed their motion to dismiss the petition of National Aircraft Corporation for reorganization. It was not brought on for hearing until April 23, 1948, and the order overruling the motion was entered September 30, 1948.

It appears from the record that certain creditors of Christopher Engineering Company filed a motion to dismiss its proceedings for reorganization. This motion was denied and no appeal was ever taken from the order denying it. In the order ap-

proving the appointment of a temporary trustee in that proceeding the court gave notice fixing February 8, 1944 as the time for hearing objections to the retention of the trustee and on February 8, 1944 the court entered its order making permanent the trustee, and no appeal has been taken from that order.

Appellants, in seeking reversal, in substance contend that (1) the petitioner in the reorganization proceedings did not sustain the burden of proving the possibility of a successful reorganization; (2) under Chapter 10 of the Bankruptcy Act it was incumbent upon the trustee for National Aircraft Corporation to prepare a plan of reorganization and this had not been done although the proceedings had been pending for more than five years; (3) the petition for reorganization of National Aircraft Corporation did not set forth the specific facts showing the need for relief under Chapter 10 of the Bankruptcy Act and why adequate relief could not be had under Chapter 11, 11 U.S.C.A. § 701 et seq.; (4) good faith had not been shown in that no plan had been evolved offering a reasonable prospect or possibility of successful reorganization; (5) Chapter 10 was being improperly used for purposes of liquidation rather than for purposes of reorganization; (6) provisions of the Bankruptcy Act requiring the Judge to fix a time of final hearing on the question of continuing the debtor in possession or the retention of the trustee are mandatory and had not been followed in this proceeding; (7) the petition for reorganization, having failed to set forth the assets, liabilities and capital stock of National Aircraft Corporation, must be dismissed; (8) the filing of the petition for reorganization in the instant case was not properly authorized by the Board of Directors; (9) it appearing that the proceeding under Chapter 10 is lacking in good faith as defined in the Bankruptcy Act, it should be dismissed.

In their motion to dismiss the reorganization proceedings, appellants charged that no reorganization was in fact intended and the proceeding was not filed in good faith as defined by Section 146 of the Bankruptcy Act, 11 U.S.C.A. § 546; that in the case of National Aircraft Corporation the Judge did not at the time of approving the reorganization, or at any other time, fix a time for the hearing to be held and no time had in fact been fixed for such hearing; neither had the Judge fixed a time for the preparation and filing of a plan of reorganization, nor had any such plan of reorganization been filed, and that nothing in fact had been done looking to the reorganization of the corporation. In general the motion sought to challenge the good faith of the entire proceedings.

■ The approval of the petition for reorganization was simply an approval of the sufficiency of the petition and in passing upon the filing of the petition it was not the duty of the court to consider whether the proposed plan of reorganization was feasible. That question was a matter for subsequent consideration. The filing of the petition initiates the proceeding before the court and may be said to make out a prima facie case in favor of reorganization.

■ The purpose of the Reorganization Act was to aid in the rehabilitation of corporations, and not for the immediate liquidation of such corporations and the distribution of their assets. It affords the debtor an opportunity to work out a plan under which the creditors would ultimately receive approximately what they would in bankruptcy proceedings while the corporation continues to function. It was not the intent that corporations hopelessly insolvent and without reasonable prospect of prosecuting their business successfully might invoke the provisions of the Act. In such circumstances liquidation rather than reorganization is the remedy provided by the Bankruptcy Act. Price v. Spokane Silver & Lead Co., 8 Cir., 97 F.2d 237; 11 U.S.C.A. § 207, sub. c (8).

As no time had been fixed by the court within which to file objections to making permanent the appointment of the trustee it would seem that the appellants might have filed answer and their motion to dismiss may be treated as tantamount to such a pleading. In support of their motion they offered in evidence certain files in the proceedings of the bankruptcy court in Indiana, including the report and recommendations of the referee in bankruptcy in the bankruptcy proceedings of National Air-

craft Corporation. By stipulation of the parties this was made a part of the record. This report shows general claims filed and allowed totaling $386,015.74, wage claims allowed priority $2,253.20, wage claims representing deductions for purchase of war bonds $1,215.92 and preferred priority claims filed and allowed in the amount of $2,012,636.94, making a total of all claims filed in that proceeding $2,403,810.62.

■ There seem to be conflicting contentions as to the assets and liabilities of National Aircraft Corporation. In its petition for reorganization it alleged its assets to be of the value of $150,000. However, in the Indiana bankruptcy proceedings all the assets were sold by the trustee in bankruptcy for the aggregate sum of about $55,000. It seems clear that the National Aircraft Corporation at the time of filing its petition for reorganization was hopelessly insolvent and there is nothing in the record to indicate any reasonable hope or possibility of reorganization. Appellants' motion had for its primary purpose a liquidation of the estate by the Indiana bankruptcy court. When the petition of the parent corporation was approved by the Missouri court, that court acquired jurisdiction. A subsequent order made permanent the appointment of the trustee and that order has never been appealed from. The National Aircraft Corporation, being a subsidiary wholly owned by the parent corporation, had the right at its option to file its petition for reorganization in the court which had approved the petition of its parent corporation. 11 U.S.C.A. § 529. In Duggan v. Sansberry, supra, the Supreme Court in speaking of the power of Congress to authorize the reorganization court to stay any bankruptcy proceeding, said [327 U.S. 499, 66 S.Ct. 662]: "The exercise of this power, taken in relation to the facts at bar, was in pursuance of the congressional intention ordinarily to allow parent and subsidiary to be reorganized in a single proceeding, thereby effectuating its general policy that the entire administration of an estate should be centralized in a single reorganization court."

[6] When the National Aircraft Corporation in effect intervened in the reorganization proceedings of the parent corporation, the Missouri court acquired exclusive jurisdiction and if that estate is to be liquidated we may assume that the court, if and when it becomes satisfied that reorganization is not feasible, will direct the estate to be liquidated, not in the Indiana court but in the Missouri court. As we have before noted neither party requested findings of fact and the trial court filed no opinion and hence we are unable to determine the ground upon which the court denied appellants' motion. Apparently, appellants were not in good odor in the trial court because of their defiance of the injunctional order issued by that court, and their motion was looked upon as a further fight on the question of jurisdiction rather than upon the question of whether or not the National Aircraft Corporation could be reorganized. As the ultimate relief sought by appellants was to have the estate liquidated by the bankruptcy court of Indiana, it seems clear that the appellants suffered no possible prejudice by the denial of their motion because it appears from the proof produced by the appellants themselves that there exist preferred claims exceeding $2,000,000. The preferred claims far exceed the value of the assets and hence appellants could profit nothing by the granting of their motion. The entire estate will be absorbed in the payment of the costs of administration and of the preferred claims. It can therefore be no concern of appellants whether the estate be administered in the Missouri court or in the Indiana court as the proof shows conclusively that they cannot in any event recover anything on their general claims. In these circumstances we think it was within the discretion of the trial court to deny their motion because they had no interest in the subject matter and no possibility of recovering anything out of the estate.

Whether those holding preferred claims might seek liquidation of the estate we are not called upon to decide. In view of the conclusions reached we pretermit as unnecessary any discussion or consideration of the other questions urged by appellants in their brief

The order appealed from is therefore affirmed.